UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CLEVELAND, | Case No. 19-cv-01948-WHO (PR) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| JEFF MACOMBER, | Dkt. No. 4 |
| Respondent. | |

## INTRODUCTION

Petitioner Darren Cleveland seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief states cognizable claims. Accordingly, on or before **September 23, 2019**, respondent shall file an answer or a dispositive motion in response to the habeas petition.

## BACKGROUND

In 2015, an Alameda County Superior Court jury convicted Cleveland of attempted premeditated murder, shooting from a vehicle, assault with a deadly weapon, and possession of a firearm by a felon. A sentence of life with the possibility of parole, plus a term of 25 years to life, was imposed. Cleveland appealed. The state appellate court ordered the abstract of judgment and the clerk's minutes corrected to reflect that Cleveland had 67 days of local conduct credit and that the sentence for a firearm enhancement was

1  stayed. It also remanded the case to the superior court for it to determine whether a
2  firearm enhancement should be struck. The judgment was otherwise affirmed. The filings
3  do not indicate what the result of the resentencing hearing was.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Cleveland alleges (i) the identification procedure was unduly suggestive, in violation of due process, and its admission at trial was prejudicial; and (ii) defense counsel rendered ineffective assistance. These allegations state claims for relief, when liberally construed.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **September 23, 2019**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **September 23, 2019**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Cleveland's motion to proceed *in forma pauperis* is GRANTED. (Dkt. No. 4.)

9. The Clerk shall terminate Dkt. No. 4.

**IT IS SO ORDERED.**

**Dated:** July 16, 2019

WILLIAM H. ORRICK
United States District Judge