UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CLEVELAND,<br>    Petitioner,<br>v.<br>JEFF MACOMBER,<br>    Respondent. | Case No. 19-cv-01948-WHO (PR)<br><br>**ORDER DIRECTING PETITIONER TO FILE A RESPONSE TO THIS ORDER ON OR BEFORE NOVEMBER 16, 2020** |

Petitioner Darren Cleveland's federal habeas petition has an unexhausted claim. On or before **November 16, 2020**, he must indicate whether he wishes to **(i)** dismiss the petition, exhaust his claims in state court, and return to federal court with a fully exhausted petition; **(ii)** dismiss the unexhausted claim and proceed with the adjudication of his other habeas claims; or **(iii)** stay habeas proceedings so that he can exhaust this claim, and return to federal court with a fully exhausted petition. <u>Failure to file an appropriate response to this Order by November 16, 2020 will result in the dismissal of his unexhausted claim.</u>

The reason for this Order is that Claim 2 is unexhausted. In this claim, Cleveland contends the photo identification procedure violated his due process rights because the police used a tainted procedure to make it look like the victim had identified him as the perpetrator, when in fact, according to the transcript of the photo identification interview, the victim did not identify him. (Pet., Dkt. No. 1 at 5, 9-13.) He also claims counsel rendered ineffective assistance by failing to object to the admission of such evidence, or to move to suppress. (*Id.*)

Cleveland alleges that police showed the victim a series of six photos. Each photo was assigned a number, and the photos were shown in the following order: 5, 2, 3, 4, 1, 6. (*Id.* at 121.) The transcript of the interview indicates that the victim identified photo number 3 as looking like the person who hit him with a bat and shot at him. (*Id.* at 110.) Cleveland asserts that, per the accompanying lineup chart, his photo was photo number 1,

1   not photo number 3.  (*Id.* at 5, 9.)  He claims that the police then manipulated the evidence
2   by placing his photo as the third photo and relabeling the photos to A, B, C, D, E, and F, so
3   that his photo became photo C.  (*Id.*)  Additionally, he argues that his trial counsel
4   provided ineffective assistance because counsel did not object to, or move to suppress, the
5   photo lineup evidence presented at trial, even though a review of the photo lineup
6   transcript would have shown how police manipulated the lineup.  (*Id.* at 11.)

Cleveland contends in his traverse that he exhausted Claim 2 because he presented a claim about the constitutionality of the lineup to the state court, and his new argument in the federal petition is simply based on evidence that was in the record when the state court reviewed his original challenge to the lineup.  (Traverse, Dkt. No. 17 at 9.)  In his petition to the state supreme court, he contended that the identification procedure was unduly suggestive because his photo was the only one in the lineup with certain distinct features (full beard and ears that stick out).  (Ans., Petition for Review, Dkt. No. 13-3 at 261-264.)  He argued that the victim lacked certainty in his identification, did not have much of an opportunity to observe the perpetrator, and gave only a limited description of the perpetrator to law enforcement.  (*Id.* at 265-266.)  He asserted that trial counsel's failure to object to this suggestive identification process denied him effective assistance of counsel.  (*Id.* at 267-272.)

However, to exhaust a claim for purposes of federal habeas review, a petitioner must provide to the state's highest court "the operative facts, that is 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'"  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citing *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).  A general allegation of a right is not sufficient to alert a court to separate specific factual instances related to that right, *see Wood v. Ryan*, 693 F.3d 1104, 1120 (9th Cir. 2012) (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)), and a petitioner does not exhaust all possible claims stemming from a common set of facts merely by raising one specific claim, *see Gulbrandson v. Ryan*, 738 F.3d 976, 993 (9th Cir. 2013).

The state supreme court was not presented with the operative facts of Claim 2. It is true that the lineup chart, lineup photos, police affidavit, and transcript of the lineup interview were part of the evidence submitted to the state court on direct review of the original claim challenging the photo lineup as unconstitutionally suggestive. But Cleveland made no mention of any issues with the numbering of the photos or the order in which the photos were presented, nor any allegations that the police tainted the procedure to make it look like the victim identified his photo when the victim actually did not. (Ans., Petition for Review, Dkt. No. 13-13 at 261-266.) Additionally, Cleveland's ineffective assistance claim did not argue that trial counsel should have objected to, or moved to suppress, the lineup evidence for these reasons. (*Id.* at 267-272.) Accordingly, Claim 2 was not fairly presented to the state supreme court and is not exhausted.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). A federal district court may not grant the writ unless state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been "rendered ineffective." 28 U.S.C. § 2254(b)(1)(A)-(B).

Cleveland now must decide whether to **(i)** dismiss the petition, exhaust his claims in state court, and return to federal court with a fully exhausted petition; **(ii)** dismiss the unexhausted claim and proceed with the adjudication of his other habeas claims; or **(iii)** stay habeas proceedings so that he can exhaust this claim, and return to federal court with a fully exhausted petition. In making that choice, he should be aware of the following:

If he chooses option **(i)**, to dismiss his current habeas suit and return later with a completely exhausted petition, the new petition may be barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state collateral review (such as a state habeas petition) is pending is

excluded from the one-year time limit. *Id.* § 2244(d)(2). The time a federal petition, such as this one, is pending is not excluded from the one-year limit. *Duncan v. Walker*, 121 S. Ct. 2120, 2129 (2001).

If he chooses option **(ii)**, to dismiss his unexhausted claim and proceed now with the adjudication of his other habeas claims, a subsequent petition directed to the same conviction (for instance, attempting to raise Claim 2) may be barred as second or successive or abusive. 28 U.S.C. § 2244(b)(1). He also would have to obtain permission from the Ninth Circuit Court of Appeals in order to file such a second petition. *See* 28 U.S.C. § 2244(b)(3)(A).

If he chooses option **(iii)**, to stay the petition, he must show good cause why this claim was not previously exhausted and that it is "potentially meritorious" under *Rhines v. Webber*, 544 U.S. 269 (2005). If the action is stayed, he must act diligently to file in the California Supreme Court and to obtain a decision from that court on his unexhausted claims. Cleveland would also be required to notify this Court within thirty days of the California Supreme Court's final decision on his unexhausted claims and move to reopen this action.

<u>Whichever option Cleveland chooses, he must inform the Court of his choice in writing on or before November 16, 2020. Otherwise, Claim 2 will be dismissed because it has not been exhausted and the Court will proceed to adjudicate the remainder of the habeas petition.</u>

**IT IS SO ORDERED.**

**Dated:** October 1, 2020

WILLIAM H. ORRICK
United States District Judge

4